UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-193-FDW

| KEITH McCARTHY, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) ORDER |
| APRIL CARDELLA, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of *pro se* Plaintiff's Complaint, (Doc. No. 1). Plaintiff is proceeding *in forma pauperis*. (Doc. No. 6).

## I. BACKGROUND

*Pro se* incarcerated Plaintiff filed a civil rights suit pursuant to 42 U.S.C. § 1983, addressing incidents that allegedly occurred at the Union County Jail.[1] He names as Defendants Union County Jail Officers April Cardella and Christian Green, and Union County Sheriff Eddie Cathey. (Doc. No. 1 at 5).

Liberally construing the Complaint and accepting the allegations as true, Plaintiff entered the Jail with a back condition for which he took no pain medication. Plaintiff was in a life skills class on April 20, 2016 when Officer Cardella ordered the class to go outside. Inmates are allowed to go to a holding cell if they do not wish to go outside as part of the class. Plaintiff made his way to the bathroom when Officer Cardella blocked his was and told him he could not use the bathroom and must go outside. Plaintiff said he needed the bathroom and did not want to go outside. Cardella

---

[1] Plaintiff presently resides at the Alexander Correctional Institution.

1

pulled out her mace and told Plaintiff not to approach her. Plaintiff took a step backwards and repeated his request for the bathroom. Cardella told Plaintiff to put his hands behind him and he complied. She cuffed him forcefully. Plaintiff asked her to loosen the tight handcuffs and requested a sergeant. Cardella said yes but did not loosen the cuffs or bring a sergeant. Plaintiff was placed in a padded cell. Cardella came to the cell with Officer Green 10 minutes later and she was unable to remove the cuffs through the trap. Cardella entered the cell while Green stayed by the door. Cardella removed one cuff and told Plaintiff to kneel on the floor, place one hand on his head and one hand behind his back and lie face-down. Plaintiff was unable to comply due to back pain and told Cardella that he is 25 to 30% disabled and was unable to do that. She grabbed Plaintiff's wrist and shoulder and started forcing him down. This was extremely painful and Plaintiff cried out. He was then slammed into the floor and Officers Cardella and Green had their knees in his back. Cardella removed the other cuff and left the cell, smirking. Plaintiff again requested a sergeant. Sergeant Medlin showed up 30 minutes later to take Plaintiff back to class. Plaintiff fold Medlin he was injured and explained what had happened. Medlin took pictures of the blood on Plaintiff's wrist from the cuffs and the painful area on his back. Plaintiff filed a grievance to see the nurse the next day and was put on medications, which he has been taking ever since. Medlin apologized and said this would never happen again on his shift. Plaintiff received a grievance response that the officer was disciplined but did not provide details due to confidentiality. Plaintiff received an x-ray after many sick calls and was given a paper, signed by nursing staff, saying there were no changes. When Plaintiff finally saw a doctor, the doctor said that Plaintiff would need a court order to see a back doctor. Plaintiff obtained a safekeeping order for proper treatment. While Plaintiff was receiving physical therapy, Union County Jail brought him back for a court date. Plaintiff never went to the court date and he was held at Union County Jail for over six months with no

treatment. The detention center's administration was retaliating against him by interfering with his medical treatment. Plaintiff had to get another safekeeping order telling the Jail to comply with the first order. Plaintiff received a CT scan in September 2017 showing that Plaintiff has a pinched nerve and bulging disks. Plaintiff had an MRI but the doctor said that surgery is not warranted. Plaintiff was given two injections that provided little relief. He has daily pain despite medication and his capabilities are greatly diminished, and may require a procedure to burn his nerves for pain relief. Officer Cardella was fired after Plaintiff left the facility.

Plaintiff seeks compensatory and punitive damages for his physical pain and mental suffering.

## II.     STANDARD OF REVIEW

Because Plaintiff is a prisoner proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520

3

(1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a pro se complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

### III. DISCUSSION

**(1) Excessive Force**

It appears that Plaintiff was a pretrial detainee at the time of the alleged incidents. The Due Process Clause of the Fourteenth Amendment "protects a pretrial detainee from the use of excessive force that amounts to punishment," Graham v. Connor, 490 U.S. 386, 395 n.10 (1989), and is not "an incident of some other legitimate governmental purpose," Bell v. Wolfish, 441 U.S. 520, 538 (1989). While prisoners cannot be punished cruelly and unusually, pretrial detainees cannot be punished at all. Kingsley v. Hendrickson, 135 S.Ct. 2466 (2015). Therefore, for pretrial detainee excessive force cases two issues are examined: (1) was the act purposeful (not negligent or accidental), and (2) was the force objectively unreasonable. Subjective questions like ill will

4

and malice are not appropriate. Id. at 2473; see Duff v. Potter, 665 Fed. Appx. 242 (4th Cir. 2016). In determining whether the force was objectively unreasonable, a court considers the evidence from the perspective of a reasonable officer on the scene without the benefit of 20/20 hindsight. Kingsley, 135 S.Ct. at 2473. Considerations that bear on the reasonableness or unreasonableness of the force include: the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting. Id. The standard is an objective one so the officer's motivation or intent is irrelevant. Duff, 665 Fed. Appx. at 244.

Plaintiff alleges that Defendant Cardella placed him in handcuffs so tight that they cut his skin and refused to loosen them, that she slammed him to the ground when he was unable to lie down, and that Defendants Cardella and Green both placed their knees on his back and held him down after he said he is partially disabled.

Plaintiff has stated a plausible excessive force claim which will be permitted to proceed against Defendants Cardella and Green.

**(2)** **Medical Deliberate Indifference**

To state a case of deliberate indifference to a serious medical need, a plaintiff must show that he had serious medical needs and that the defendant acted with deliberate indifference to those needs. Heyer v. U.S. Bureau of Prisons, 849 F.3d 202, 210 (4th Cir. 2017) (citing Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008)). A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko, 535 F.3d at 241 (internal quotation marks omitted). To constitute deliberate indifferent to a serious medical need, "the treatment [a prisoner

receives] must be so grossly incompetent, inadequate, or excessive to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990), *overruled on other grounds by* Farmer v. Brennan, 511 U.S. 825 (1994).

Construing the Complaint liberally, Plaintiff appears to allege that Defendant Cathey failed to ensure that he received needed medication attention following his injury and that his treatment was needlessly delayed. This claim will be allowed to pass initial review against Defendant Cathey at this early stage in the proceedings.

**(3)** **Retaliation**

Prison officials may not retaliate against an inmate for exercising a constitutional right. See Hudspeth v. Figgins, 584 F.2d 1345, 1347 (4th Cir.1978). To succeed on such a claim, a plaintiff must first allege that "the retaliatory act was taken in response to the exercise of a constitutionally protected right...." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Thereafter, a plaintiff must demonstrate that he suffered some adverse impact or actual injury. See American Civil Libs. Un. of Md., Inc. v. Wicomico Cnty., 999 F.2d 780, 785 (4th Cir. 1993) (citing Huang v. Board of Governors of Univ. of N.C., 902 F.2d 1134, 1140 (4th Cir. 1990)). In addition, a plaintiff must come forward with specific evidence "establish[ing] that but for the retaliatory motive the complained of incident[s] ... would not have occurred." Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995); accord Ponchik v. Bogan, 929 F.2d 419, 420 (8th Cir.1991) (plaintiff must show that action would not have occurred "but for" the alleged reprisal); Collinson v. Gott, 895 F.2d 994, 1002 (4th Cir. 1990) (Phillips, J., concurring); McDonald v. Hall, 610 F.2d 16, 18–19 (1st Cir.1979). In the prison context, such claims are treated with skepticism because "[e]very act of discipline by prison officials is by definition 'retaliatory' in the sense that it responds directly to prisoner misconduct." Adams, 40 F.3d at 74.

Construing the Complaint liberally, Plaintiff appears to allege that Defendant Cathey, as Jail administrator, purposefully delayed his medical treatment in retaliation for his complaints about his treatment at the Jail. This claim will be allowed to pass initial review against Defendant Cathey at this early stage in the proceedings.

### IV. CONCLUSION

For the reasons stated herein, the Complaint is sufficient to proceed against Defendants Cardella and Green for the use of excessive force and against Defendant Cathey for deliberate indifference to a serious medical need and retaliation.

**IT IS THEREFORE ORDERED** that:

1. Plaintiff's § 1983 claims against Defendants **April Cardella** and **Christian Green** for the use of excessive force and against Defendant **Eddie Cathey** for deliberate indifference to a serious medical need and retaliation survive initial review under 28 U.S.C. § 1915.

2. **IT IS FURTHER ORDERED THAT** the Clerk of Court shall direct the U.S. Marshal to effectuate service on Defendants, for whom Plaintiff has attached summons forms to the Complaint.

3. The Clerk of Court is instructed to mail Plaintiff a Notice and Response form pursuant to Standing Order 3:19-mc-60.

Signed: December 12, 2019

Frank D. Whitney
Chief United States District Judge