IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:19-cv-00193-MR

| | |
|---|---|
| KEITH MCCARTHY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>APRIL CARDELLA, et al., )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff's Motion to Compel Discovery [Doc. 34], Plaintiff's Motion to Return All Exhibits [Doc. 41], and Defendants' Motion to Seal [Doc. 40].

The *pro se*[1] incarcerated Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983. The Complaint passed initial review on claims of excessive force, deliberate indifference to a serious medical need and retaliation and the parties have filed Motions for Summary Judgment. [See Docs. 1, 9, 36-38].

In his Motion to Compel Discovery [Doc. 34], Plaintiff seeks video footage from a hallway in the Union County Jail that allegedly depicts

---

[1] North Carolina Prisoner Legal Services was appointed solely to assist Plaintiff with discovery and has now withdrawn from the case. [See Docs. 23, 33].

incidents surrounding the use of force incident, and photographs that were taken after the alleged use of excessive force. Defendants have filed a Response [Doc. 35] stating that they timely responded to all of Plaintiff's discovery requests by providing responses, producing documents, and lodging objections as appropriate. With regards to the hallway video, Defendants argue that there was no camera in the hallway at issue at the time of the incident, and therefore no audio or video recordings exist or were lost or destroyed. Further, Defendants argue that none of the events in the hallway are relevant to whether Defendants used excessive force at a later time in a different location. With regards to the photographs, Defendants explain that Plaintiff's interrogatories and requests for production do not mention the production of photographs. In any event, Defendants assert that all photographs in Defendants' possession have now been produced. Plaintiff has not filed a reply.

As Defendants represent that all discovery in existence that Plaintiff has requested has now been produced, and Plaintiff does not dispute Defendants' representation, Plaintiff's motion to compel will be denied.

Plaintiff also requests that the Court provide him with a copy of all the exhibits that he filed with his Motions for Summary Judgment because he has no access to a copy machine. [Doc. 41]. The *in forma pauperis* statute

2

contains no provision for free photocopies.  See generally 28 U.S.C. § 1915. Nevertheless, the Court will grant the Motion and provide Plaintiff with a copy of his summary judgment exhibits as a courtesy.

Finally, Defendants have filed a Motion to Seal [Doc. 40] Exhibit D to their Motion for Summary Judgment because it contains Plaintiff's confidential medical information.  The Motion will be granted and the Court will permanently seal the exhibit, as no alternatives to permanently sealing this document will adequately protect Plaintiff's confidential medical information.  See Fed. R. Civ. P. 5.2(d); LCvR 6.1.

**IT IS, THEREFORE, ORDERED** that:

(1) Plaintiff's Motion to Compel Discovery [Doc. 34] is **DENIED**;

(2) Plaintiff's Motion to Return All Exhibits [Doc. 41] is **GRANTED**; and

(3) Defendants' Motion to Seal [Doc. 40] is **GRANTED**.

The Clerk is instructed to mail Plaintiff a courtesy copy of his summary judgment exhibits [Docs. 36-1, 36-2, 37-1, 37-2].

**IT IS SO ORDERED.**  Signed: September 10, 2020

Martin Reidinger
Chief United States District Judge